United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 30, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50921
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL ANTONIO MATA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:04-CR-67-3
--------------------

Before GARZA, DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Manuel Antonio Mata appeals the sentence he received following his guilty-plea conviction for distributing heroin within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1) and 860; for using a firearm in connection with a drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1); for being an unlawful user of a controlled substance in possession of a firearm, in violation of 21 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 922(g)(3); and for being a felon in possession of a firearm, in violation of 21 U.S.C. § 922(g)(1). He first contends that the district court erred in sentencing him as an armed career criminal under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4.

Because Mata did not object to the armed-career-criminal enhancement in the district court, review is for plain error. See United States v. Vonn, 535 U.S. 55, 59 (2002). Mata has demonstrated that the enhancement was plainly erroneous because the record does not establish that his prior conviction for simple possession of cocaine under Texas law was a "serious drug offense" or that his prior conviction for theft under Texas law was a "violent felony" within the meaning of the statute so as to qualify as predicate offenses. See 18 U.S.C. §§ 924(e)(2)(A) and (B). Even assuming that the two other prior convictions pleaded in the indictment constitute valid predicate offenses, three predicate offenses are required by the statute. See 18 U.S.C. § 924(e)(1). The error affected Mata's substantial rights because, without the enhancement, he would have been subjected to a lower sentence.

Mata next renews the argument, preserved in the district court, that his constitutional rights were violated when the district court assessed a two-point adjustment, pursuant to U.S.S.G. § 2K2.1(b)(4), based on judicially determined facts, citing Blakely v. Washington, 124 S. Ct. 2531 (2004). In light of the Supreme Court's recent decision in United States v.

Booker, 125 S. Ct. 738, 756 (2005), the two-level adjustment violated Mata's Sixth Amendment right to a trial by jury, and the Government has not carried its burden of demonstrating that the error was harmless.  Accordingly, Mata's sentence is VACATED, and the case is REMANDED FOR RESENTENCING.  See United States v. Pineiro, __F.3d__, No. 03-30437, 2005 WL 1189713, *4 & n.4 (5th Cir. May 20, 2005); United States v. Akpan, 407 F.3d 360, 377 (5th Cir. 2005); United States v. Mares, 402, 511, 520 n.9 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517).

VACATED AND REMANDED FOR RESENTENCING.